IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NISSEI ASB CO. & <br> NISSEI ASB MACHINE, CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> R&D TOOL & ENGINEERING CO., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:19-CV-00042-DGK <br> ) <br> ) <br> ) <br> ) |

## ORDER DENYING MOTION TO RECONSIDER

This lawsuit arises from a dispute over three patents held by Plaintiffs Nissei ASB Co. and Nissei ASB Machine Co. (collectively, "Nissei"). Nissei alleges Defendant R&D Tool & Engineering Co. ("R&D") breached a contract, misappropriated trade secrets, and infringed on Nissei's patents and business relationships.

This Court, on February 21, 2020, issued a claim-construction order relating to six disputed terms found in Nissei's patents. Now before the Court is Nissei's motion to reconsider two of those constructions, "inserted into" and "securing section" (Doc. 109).

Because Nissei received a fair and full opportunity to litigate the issue and the Court's construction was correct, the motion is DENIED. The Court, however, clarifies its construction of "securing section" by removing "single" from it.

### Discussion

A court may reconsider an interlocutory order if the moving party shows "exceptional circumstances" in which it did not have a fair opportunity to litigate a claim and receive redress. *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). A court may also entertain a motion for reconsideration if it wishes to revisit an earlier order that it believes may have been issued in error.

*Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997). In patent cases, if a court finds its "understanding of the technology [has] evolve[d]," it may engage in a process of "rolling claim construction." *Pfizer, Inc. v. Teva Pharms.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005).

Here, Nissei received a fair and full opportunity to litigate the issues surrounding claim construction. Although the Court did not hold a claim-construction hearing, it did not do so because such a hearing is not required and was unnecessary in this case. To ensure the parties had ample time and space to fully develop their written arguments, the Court granted a twelve-page expansion of the general filing limits, for a total of twenty-seven pages for Nissei's response brief (Docs. 71, 74).

Turning to whether it erred in its construction of "inserted into" and "securing section," the Court holds it did not.

## I. The Court did not err with respect to "inserted into."

In its initial order, the Court held that the term "inserted into" has its plain and ordinary meaning which is "placed inside and surrounded by or enclosed by" (Doc. 107 at 7). Nissei contends that the Court's construction "does not literally cover the only relevant embodiment in the specification" (Doc. 109 at 3), and it cites numerous examples of the Federal Circuit reversing district court constructions that excludes a preferred embodiment.

On the other hand, R&D agrees with the Court's construction, concluding that at times, "the plain meaning of claim language just cannot be fully harmonized with the specification" (Doc. 110 at 3). R&D similarly cites numerous examples of the Federal Circuit upholding a district court construction where—as here—the plain language does not match the language in the specification, albeit while recognizing that such cases are "rare." *Id.* at n.17 (citing *Eleckta Instr. S.A. v. O.U.R. Sci. Int'l, Inc.*, 214 F.3d 1302, 1308 (Fed. Cir. 2000).

R&D particularly draws the Court's attention to *Smartmetric Inc. v. Am. Express Co.*, 476 Fed. App'x 742 (Fed. Cir. 2012), a case where the Federal Circuit specifically analyzed the term "insertion." In its construction, the Federal Circuit upheld the ruling of the district court holding that the plain meaning should govern. *Id*. at 744. The Federal Circuit held that "[c]onstruing 'inserted into' to also mean 'passed near' would deviate from the term's plain and ordinary meaning . . . ." *Id.* (citation omitted).

This Court similarly construes "inserted into" to have its plain and ordinary meaning. The Federal Circuit has admonished courts from curing drafting errors unless "there is an obvious administrative or typographical error not subject to reasonable debate." *Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200, 1215 n.8 (Fed. Cir. 2008). And Nissei vigorously maintains the use of the term is not an administrative or typographical error. Thus, the Court maintains that "inserted into" must be construed to have its plain and ordinary meaning. Such a construction is consistent with the Federal Circuit's requirement that redefinitions of a term giving it a non-ordinary meaning must be clear and intentional. *GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014) (holding that where patentee fails to indicate any intent to define a term, it is proper for the court to find "[t]here is no lexicography or disavowal").

> **II.     The Court did not err with respect to "securing section" and "a first securing section that is secured to the at least two reinforcement shafts," but clarifies its construction to avoid confusion.**

In its original Order, the Court found a "securing section" to be "a single fastener unit that holds together different objects, preventing those objects from moving," and "a first securing section that is secured to the at least two reinforcement shafts" to be "a securing section that holds down at least two reinforcement shafts, at least one reinforcement shaft at each end of the securing section."

3

Nissei argues that this construction contains legal and factual errors. It points to two figures in the Miyazawa patent that it claims discloses "two shafts/bolts" per row of holding plates (Doc. 109 at 8).[1]

In response, R&D urges the Court to clarify its statement by limiting the construction of the claim of a "securing section" to simply be a "fastener" to avoid confusion triggered by using "single" (Doc. 110 at 8).

The Court rules as follows. In the prosecution history, Nissei argued that "Miyazawa does not disclose two guide shafts" and that "Miyazawa's nut is screwed on to only one reinforcement shaft" (Doc. 72-6 at 9). As the Court's previous order noted, this statement is a clear and unmistakable disavowal of scope. Thus, there was no error in the Court's construction.

That said, the Court acknowledges that attempting to clarify its holding, it may have made things more confusing. In using the term "single," the Court meant to indicate that the fastener unit should be readily identifiable as a fully working unit—even if comprised of identifiable subparts—that did not require the addition of other parts to operate. Thus, to clarify, the Court will remove "single" from its construction. This clarified construction, which keeps in mind the analysis and limitations provided in the original claim-construction order (Doc. 107 at 8–12), is: "securing section" as "a fastener unit that holds together different objects, preventing those objects from moving," and "a first securing section that is secured to the at least two reinforcement shafts" means "a securing section that holds down at least two reinforcement shafts, at least one reinforcement shaft at each end of the securing section."

---

[1] The Court notes that the diagrams cited by Nissei refer to a Japanese-language patent that the Court cannot independently verify the labels of the individual numbers.

4

## Conclusion

Nissei's motion for reconsideration is DENIED. The term "securing section" is defined as provided in this Order. All other terms maintain the construction given in the Court's original Order (Doc. 107).

**IT IS SO ORDERED.**

Date: June 19, 2020          /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT